

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~WILL WILSON~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

June 14, 1939

Honorable Fred Erisman
Criminal District  Attorney
Gregg County
Longview, Texas

Dear Sir:

Opinion No. 0-952
Re:  Validity of Teachers' Contracts.

We are in receipt of your letter of June 8, 1939, in which the following facts and questions are presented for our opinion.

You state that on March 30, 1939, three days prior to the school trustee election, the trustees of the White Oak Common School elected teachers for the next two years and executed their contracts.  Only two of the three trustees signed the contracts, and at the following election one of these trustees was defeated and the present Board, as now constituted, has refused to recognize five of the teachers with whom contracts were made on March 30, 1939.

You wish to know whether the five  contracts mentioned above are such legal and binding contracts that the County School Superintendent must approve them, in the absence of any other showing of fraud or the like.

Your also state that the present Superintendent has a valid contract for two years, with one year remaining to be served.  The Board of Trustees desires to dispense with his services and ask that he vacate the premises forthwith.  They also desire to pay his entire salary for the remaining year under this contract.

You wish to be advised as to whether the Board of Trustees can legally take such action.

Article 2750a, Revised Civil Statutes, 1925, provides that common school district trustees may make contracts with teachers for a period of time not in excess of two years, and further provides that no contract may be signed by the trustees until the duly elected trustee has qualified and taken the oath of office.

This department construed the above statute in Opinion No. 0-04, dated March 16, 1939, addressed to the Honorable Emmett Wilburn, County Attorney, Center, Texas, in which it was ruled that a common school district trustee, whose term of office expires on May 1, may join with one of the remaining

trustees and execute valid teachers  contracts for the next year, prior to the election of the new trustee.  We enclose herewith a copy of that opinion.

It has been repeatedly held that teachers' contracts for common school districts are not binding until they have been approved by the County Superintendent; however, it does not follow that a duly elected Board of School Trustees may, without cause, refuse to honor teachers' contracts entered into by their predecessors before such contracts have been approved by the County Superintendent.

In Miller vs. Smiley (T. C. A. 1933) 65 S. W. (2d) 417, writ of error refused, the court stated:

> "We cannot bring ourselves to believe that a mere fortu____ ___ change in the membership of the board, prior to the formal approval of the County Superintendent of the lawful contracts theretofore made by the board, permit such contracts to be arbitrarily revoked by the new beard and the County Superintendent without any charge of fraud, imposition or mutual mistake, and with no hearing given the teacher on such intended revocation of their  contracts.
>
> "It seems to us that to hold otherwise would be to violate the plainest principles of fairness and justice, and to acquiesce in arbitrary and dictatorial powers not conferred by our statutes upon the boards of school trustees or County Superintendents."
>
> See also White vs. Porter, 78 S. W. (2d) 287.

It is our opinion that in the absence of some other valid reason, other than a mere change in the membership of a school board, the County school Superintendent should approve the five contracts mentioned above.

In Temple Independent School District vs. Proctor (T. C. A. 1936) 97 S. W. (2d) 1047, (writ of error refused), it was held that a School Superintendent could enforce his legal possession of such office by injunction as against illegal attempts on the part of a Board of Trustees to oust him.  The judgment of the trial court, which was affirmed, restrained the Board from expending public funds for the purpose of paying another Superintendent.  The court stated:

> "The injunction against interference by others with his possession of such office at least up to September 1, 1936, was clearly authorized." (Underscoring ours.)

It is our opinion that the Board of Trustees may not dispense with the services of a Superintendent who has a valid contract, and order him to vacate the premises forthwith, and the fact that the Board is willing to pay him his full year's salary is not controlling.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

s/      Cecil C. Cammack

By

Cecil C. Cammack
Assistant

CCC:FCy ldw

APPROVED:
s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY C. O. B.
CHAIRMAN